United States District Court
Southern District of Texas
ENTERED

MAR 0 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERTO TREVINO ROSALES | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | MISC. NO. B-00-012 |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Gilberto Trevino Rosales (Rosales) seeks habeas relief pursuant to 28 U.S.C. §2254.

## BACKGROUND

Rosales is an inmate of the Boyd Unit in Teague, Texas. Rosales was convicted of driving while intoxicated on June 29, 1998, and sentenced to three years imprisonment. *Petition For a Writ of Habeas Corpus by a Person in State Custody* at 2.

Rosales did not appeal his conviction. Rosales filed a state application for a writ of habeas corpus on November 10, 1999. *Petition* at 3. The Texas Court of Criminal Appeals denied the state petition on January 12, 2000. *Petition* at 4.

Rosales now seeks federal habeas relief under 28 U.S.C. §2254 on the sole ground that he has served his entire sentence.[1,2]

---

[1] Rosales asserts that his good time credit plus his actual time served equal his full three year sentence.

[2] Rosales also asserts that he should be released on mandatory supervision, as his offense is not one which is denied mandatory supervision.

1

## ANALYSIS

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to all habeas petitions filed after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). As Rosales filed his §2254 petition on February 16, 2000, his petition is subject to the provisions of the AEDPA. *Petition* at 1.

The AEDPA states that a person in custody may not apply for a writ of habeas corpus more than one year after the date judgment became final either by conclusion of a direct review or by expiration of the time for seeking such review. 28 U.S.C. §2244 (d)(1)(A).

Under the Texas Rules of Appellate Procedure, a party must file a notice of appeal within 30 days after the day sentence is imposed. TEX. R. APP. P. 26.2(a)(1). Here, the judgment was imposed on June 29, 1998. Consequently, the time for seeking review by the court of appeals expired thirty days later, on July 29, 1998, and the judgment became final on that date. As such, the deadline to file a federal habeas petition passed one year later, on July 29, 1999.

In this case, Rosales did not file his §2254 petition until February 16, 2000, well beyond the July 29, 1999 deadline. Thus, his petition is time barred.

However, the limitation period for filing a federal habeas petition is tolled while a state post-conviction review is pending. 28 U.S.C. §2244(d)(2). As Rosales' state habeas petition was not pending during the one year limitation, i.e., because it was filed after July 29, 1999, it has no tolling effect. Therefore, the petition remains time barred, and Rosales' petition for relief should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Rosales' petition for §2254 habeas relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from

2

a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 29 day of February, 2000.

_____
Felix Recio
United States Magistrate Judge

3

ClibPDF - www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

GILBERTO TREVINO ROSALES §
Petitioner, §
§
v. §
§                                    ACTION NO. B-00-012
§
GARY L. JOHNSON, DIRECTOR, §
TEXAS DEPARTMENT OF CRIMINAL §
JUSTICE, INSTITUTIONAL DIVISION, §
Respondent. §

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, the Report and Recommendation is hereby ADOPTED; and Petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. §2254 is hereby DENIED.

DONE in Brownsville, Texas on this _____ day of _____, 2000.

_____
Hilda Tagle
United States District Judge

4

ClibPDF - www.fastio.com